**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4154**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN RUFINO MARTINEZ-DOMINGUEZ, a/k/a Cuido Negro,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, Senior District Judge. (1:19-cr-00218-LO-5)

Submitted: September 18, 2020                     Decided: October 16, 2020

Before AGEE, WYNN, and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Lawrence H. Woodward, Jr., RULOFF, SWAIN, HADDAD, MORECOCK, TALBERT & WOODWARD, P.C., Virginia Beach, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Daniel T. Young, Assistant United States Attorney, Maureen C. Cain, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Rufino Martinez-Dominguez pled guilty, pursuant to a written plea agreement, to sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a)(1), (b)(2), (c). As part of the plea agreement, Martinez-Dominguez agreed to waive his right to appeal his conviction or any sentence within the statutory maximum. Based on a total offense level of 41, and a criminal history category of I, Martinez-Dominguez's advisory Sentencing Guidelines range was 324 to 405 months' imprisonment and the statutory maximum sentence was life imprisonment. The court departed below the Guidelines and imposed a 186-month sentence, followed by 15 years of supervised release. Martinez-Dominguez noted a timely appeal, challenging the validity of the appeal waiver and the reasonableness of his sentence. In its brief, the Government seeks to enforce the waiver and dismiss Martinez-Dominguez's appeal.

Martinez-Dominguez's waiver of appellate rights does not prevent him from challenging the validity of the plea itself. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir.), *cert. denied*, ___ U.S. ___, 139 S. Ct. 494 (2018). Prior to accepting a guilty plea, a court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant's plea is voluntary, supported by a sufficient factual basis, and not the result of force, threats, or extrinsic promises. Fed. R. Crim. P. 11(b)(2)-(3); *DeFusco*, 949 F.2d at 119-20.

Because Martinez-Dominguez did not move to withdraw his guilty plea in the district court or otherwise preserve any allegation of Rule 11 error, we review the plea colloquy only for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). "To prevail on a claim of plain error, [Martinez-Dominguez] must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights." *Id.* at 816. In the guilty plea context, a defendant establishes that an error affected his substantial rights if he demonstrates a reasonable probability that he would not have pleaded guilty but for the error. *Id.* We have reviewed the record and conclude that the district court conducted a sufficient plea colloquy with Martinez-Dominguez. *See DeFusco*, 949 F.2d at 116, 119-20. Accordingly, the district court did not plainly err in accepting Martinez-Dominguez's guilty plea.

Martinez-Dominguez seeks to challenge the reasonableness of his sentence. Where, as here, the Government seeks to enforce the appeal waiver and the defendant has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issue being appealed falls within the waiver's scope. *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018). Martinez-Dominguez's assertion that he did not knowingly and intelligently waive his right to appeal is belied by the transcript of his Rule 11 hearing and our de novo review of the plea hearing leads us to conclude that the waiver is valid and enforceable. *See United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018) (stating standard of review). Moreover, Martinez-Dominguez's challenge to the reasonableness of his sentence falls within the waiver's scope.

Accordingly, we dismiss Martinez-Dominguez's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

4